**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Stuart Krohnengold, et al.,

        Plaintiffs,                  Case No. 1:21-cv-01778 - JMF

    v.

New York Life Insurance Company, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**<u>PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs respectfully submit this Notice of Supplemental Authority regarding *Hughes v. Nw. Univ.*, No. 19-1401, 2022 WL 199351 (U.S. Jan. 24, 2022), attached hereto as Exhibit A, which supports Plaintiffs' arguments in their Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 46) at Section II.B.1. In *Hughes*, the U.S. Supreme Court unanimously (1) vacated the Seventh Circuit's decision that dismissed ERISA fiduciary breach claims similar to those asserted here, and (2) reaffirmed their decision in *Tibble v. Edison Int'l* that it is imprudent to retain investment options on the 401(k) plan menu when "materially identical lower priced institutional-class mutual funds were available." 575 U.S. 523, 525–26 (2015). Like the present case, *Hughes* concerns defendants' motion to dismiss plaintiffs' claims that retirement plan fiduciaries violated their statutory duty of prudence by, among other things, offering options that carried higher fees than materially identical options and failing to timely remove imprudent investments from the plan. *Compare Hughes*, 2022 WL 199351, at *3–*4 (*Hughes* complaint alleged that plan fiduciaries breached duty of prudence by, inter alia, "neglecting to provide cheaper and otherwise-identical alternative investments"), *with* Am. Compl. (ECF No. 38) at Count I, ¶¶ 8–9, 112–13, 119, 125 (alleging that Defendants breached their fiduciary duties by

retaining the MainStay Funds, which were more expensive than similar and materially identical fund options available to the Plans).

The Supreme Court reaffirmed in *Hughes* that the correct standard for courts to use when deciding "whether petitioners have plausibly alleged a violation of the duty of prudence [is the standard] articulated in *Tibble*." *Hughes*, 2022 WL 199351, at *4. "In *Tibble*, this Court interpreted ERISA's duty of prudence in light of the common law of trusts and determined that 'a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones.' … Thus, '[a] plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones.'" *Id.* (quoting *Tibble*, 575 U.S. at 530). In *Hughes*, the Supreme Court vacated the Seventh Circuit's decision because the Seventh Circuit "did not apply *Tibble*'s guidance" when deciding the motion to dismiss and, instead, "focused on another component of the duty of prudence." *Hughes*, 2022 WL 199351, at *4. The Supreme Court rejected the Seventh Circuit's deviation from *Tibble*, and bluntly stated: "If the fiduciaries fail to remove an imprudent investment from the plan within a reasonable time, they breach their duty." *Id.* (citing *Tibble*, 575 U.S. at 529–30).

While Defendants conveniently did not cite *Tibble* as the standard in their motion to dismiss (ECF No. 42), the Supreme Court has affirmed multiple times that allegations that fiduciaries "failed to monitor the Plans' investments" and "failed to remove imprudent investments from the Plans' offerings … must be considered in light of the principles set forth in *Tibble* to determine whether petitioners have stated a plausible claim for relief." *Hughes*, 2022 WL 199351, at *3. Plaintiffs in the present case allege that Defendants failed in precisely this manner. *See* Am. Compl. at Count I, ¶¶ 8–9, 99–101, 108–35. *Cf. id.* at ¶¶ 60–66, 74–77, 83–85. Accordingly, *Hughes* supports Plaintiffs' position that Defendants' Motion to Dismiss should be denied.

Dated: January 27, 2022

Respectfully submitted,

*/s/ Laura E. Older*
Michelle C. Yau (admitted *pro hac vice*)
Daniel R. Sutter (admitted *pro hac vice*)
Laura E. Older (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
myau@cohenmilstein.com
dsutter@cohenmilstein.com
lolder@cohenmilstein.com

Michael Eisenkraft (NY Bar No. 664737)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street ● 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745

**EXHIBIT A**

2022 WL 199351
Only the Westlaw citation is currently available.
Supreme Court of the United States.

April HUGHES, et al., Petitioners

v.

NORTHWESTERN UNIVERSITY, et al.

No. 19-1401
|
Argued December 6, 2021
|
Decided January 24, 2022

**Synopsis**
**Background:** Current and former employees brought action under Employee Retirement Income Security Act (ERISA) against employer, its retirement investment committee, and plan administrators for defined-contribution employee retirement plans, alleging that defendants breached their fiduciary duty of prudence by offering range of investment options that was too broad and thereby causing participant confusion and poor investment decisions, by failing to monitor and control recordkeeping fees, and by offering mutual funds and annuities in form of retail share classes that carried higher fees than those charged by otherwise identical institutional share classes. The United States District Court for the Northern District of Illinois, Jorge L. Alonso, J., 2018 WL 2388170, granted defendants' motion to dismiss for failure to state a claim. Plaintiffs appealed. The United States Court of Appeals for the Seventh Circuit, Brennan, Circuit Judge, 953 F.3d 980, affirmed. Certiorari was granted.

**[Holding:]** The Supreme Court, Justice Sotomayor, held that mere fact that the plans offered some mutual funds and annuities with lower fees did not preclude plaintiffs' claims for breach of duty of prudence.

Vacated and remanded.

Justice Barrett took no part in the consideration or decision of the case.

**West Headnotes (4)**

**[1]    Labor and Employment** ⚷ **Prudence**

Under ERISA, a fiduciary is required to conduct a regular review of its investments, and thus, a plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones. Employee Retirement Income Security Act of 1974 § 404, 29 U.S.C.A. § 1104(a)(1)(B).

**[2]    Labor and Employment** ⚷ **Prudence**

Mere fact that defined-contribution employee retirement plans offered some mutual funds and annuities with lower fees, and that employees ultimately chose their investments, did not preclude current and former employees from bringing a claim that fiduciaries breached their duty of prudence under ERISA by failing to properly monitor investments and remove imprudent ones, based on offering a range of investment options that was too broad and thereby caused plan participant confusion and poor investment decisions, failing to monitor and control recordkeeping fees, and offering mutual funds and annuities in form of retail share classes that carried higher fees than those charged by otherwise identical institutional share classes. Employee Retirement Income Security Act of 1974 § 404, 29 U.S.C.A. § 1104(a)(1)(B).

**[3]    Labor and Employment** ⚷ **Prudence**

Even in a defined-contribution employee retirement plan where participants choose their investments, plan fiduciaries are required, under ERISA's fiduciary duty of prudence, to conduct their own independent evaluation to determine which investments may be prudently included in the plan's menu of options, and if fiduciaries fail to remove an imprudent investment from the plan within a reasonable time, they breach their duty. Employee Retirement Income Security Act of 1974 § 404, 29 U.S.C.A. § 1104(a)(1)(B).

**[4]    Labor and Employment 🔑 Prudence**

Because the content of the fiduciary duty of prudence under ERISA turns on the circumstances prevailing at the time that the fiduciary acts, the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise. Employee Retirement Income Security Act of 1974 § 404, 29 U.S.C.A. § 1104(a)(1)(B).

Syllabus[*]

**\*1**    Respondents administer retirement plans on behalf of current and former Northwestern University employees, including petitioners here. The plans are defined-contribution plans governed by the Employee Retirement Income Security Act of 1974 (ERISA), under which each participant chooses an individual investment mix from a menu of options selected by the plan administrators. Petitioners sued respondents claiming that respondents violated ERISA's duty of prudence required of all plan fiduciaries by: (1) failing to monitor and control recordkeeping fees, resulting in unreasonably high costs to plan participants; (2) offering mutual funds and annuities in the form of "retail" share classes that carried higher fees than those charged by otherwise identical share classes of the same investments; and (3) offering options that were likely to confuse investors. The District Court granted respondents' motion to dismiss, and the Seventh Circuit affirmed, concluding that petitioners' allegations fail as a matter of law.

*Held*: The Seventh Circuit erred in relying on the participants' ultimate choice over their investments to excuse allegedly imprudent decisions by respondents. Determining whether petitioners state plausible claims against plan fiduciaries for violations of ERISA's duty of prudence requires a context-specific inquiry of the fiduciaries' continuing duty to monitor investments and to remove imprudent ones as articulated in *Tibble* v. *Edison Int'l*, 575 U. S. 523. *Tibble* concerned allegations that plan fiduciaries had offered "higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available." *Id., at 525–526*. The *Tibble* Court concluded that

the plaintiffs had identified a potential violation with respect to certain funds because "a fiduciary is required to conduct a regular review of its investment." *Id., at 528*. *Tibble*'s discussion of the continuing duty to monitor plan investments applies here. Petitioners allege that respondents' failure to monitor investments prudently—by retaining recordkeepers that charged excessive fees, offering options likely to confuse investors, and neglecting to provide cheaper and otherwise-identical alternative investments—resulted in respondents failing to remove imprudent investments from the menu of investment offerings. In rejecting petitioners' allegations, the Seventh Circuit did not apply *Tibble*'s guidance but instead erroneously focused on another component of the duty of prudence: a fiduciary's obligation to assemble a diverse menu of options. But respondents' provision of an adequate array of investment choices, including the lower cost investments plaintiffs wanted, does not excuse their allegedly imprudent decisions. Even in a defined-contribution plan where participants choose their investments, *Tibble* instructs that plan fiduciaries must conduct their own independent evaluation to determine which investments may be prudently included in the plan's menu of options. See *id., at 529–530*. If the fiduciaries fail to remove an imprudent investment from the plan within a reasonable time, they breach their duty. The Seventh Circuit's exclusive focus on investor choice elided this aspect of the duty of prudence. The court maintained the same mistaken focus in rejecting petitioners' claims with respect to recordkeeping fees on the grounds that plan participants could have chosen investment options with lower expenses. The Court vacates the judgment below so that the Seventh Circuit may reevaluate the allegations as a whole, considering whether petitioners have plausibly alleged a violation of the duty of prudence as articulated in *Tibble* under applicable pleading standards. The content of the duty of prudence turns on "the circumstances ... prevailing" at the time the fiduciary acts, 29 U. S. C. § 1104(a)(1)(B), so the appropriate inquiry will be context specific. *Fifth Third Bancorp* v. *Dudenhoeffer*, 573 U. S. 409, 425. Pp. 4–6.

**\*2**    953 F. 3d 980, vacated and remanded.

Sotomayor, J., delivered the opinion for a unanimous Court. Barrett, J., took no part in the consideration or decision of this case.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

**Opinion**

Justice Sotomayor delivered the opinion of the Court.

Under the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U. S. C. § 1001 *et seq.*, ERISA plan fiduciaries must discharge their duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." § 1104(a) (1)(B). This fiduciary duty of prudence governs the conduct of respondents, who administer several retirement plans on behalf of current and former employees of Northwestern University, including petitioners.

In this case, petitioners claim that respondents violated their duty of prudence by, among other things, offering needlessly expensive investment options and paying excessive recordkeeping fees. The Court of Appeals for the Seventh Circuit held that petitioners' allegations fail as a matter of law, in part based on the court's determination that petitioners' preferred type of low-cost investments were available as plan options. In the court's view, this eliminated any concerns that other plan options were imprudent.

That reasoning was flawed. Such a categorical rule is inconsistent with the context-specific inquiry that ERISA requires and fails to take into account respondents' duty to monitor all plan investments and remove any imprudent ones. See *Tibble* v. *Edison Int'l*, 575 U. S. 523, 530 (2015). Accordingly, we vacate the judgment below and remand the case for reconsideration of petitioners' allegations.

I

This case comes to the Court on review of respondents' motion to dismiss the operative amended complaint. Accepting the allegations in that complaint as true, see *Rotkiske* v. *Klemm*, 589 U. S. ___, ___, n. 1 (2019) (slip op., at 2, n. 1), the relevant facts are as follows.

Northwestern University offers two retirement plans to eligible employees: the Northwestern University Retirement Plan (Retirement Plan) and the Northwestern University Voluntary Savings Plan (Savings Plan). Both Plans are defined-contribution plans. In such plans, participating employees maintain individual investment accounts, which

are funded by pretax contributions from the employees' salaries and, where applicable, matching contributions from the employer. Each participant chooses how to invest her funds, subject to an important limitation: She may choose only from the menu of options selected by the plan administrators, *i.e.*, respondents. The performance of her chosen investments, as well as the deduction of any associated fees, determines the amount of money the participant will have saved for retirement.

Two types of fees are relevant in this case. First, the investment options typically offered in retirement plans, such as mutual funds and index funds, often charge a fee for investment management services. Such fees compensate a fund for designing and maintaining the fund's investment portfolio. These fees are usually calculated as a percentage of the assets the plan participant chooses to invest in the fund, which is known as the expense ratio. Expense ratios tend to be higher for funds that are actively managed according to the funds' investment strategies, and lower for funds that passively track the makeup of a standardized index, such as the S&P 500.

*3 In addition to investment management fees, retirement plans also pay fees for recordkeeping services. Recordkeepers help plans track the balances of individual accounts, provide regular account statements, and offer informational and accessibility services to participants. Like investment management fees, recordkeeping fees may be calculated as a percentage of the assets for which the recordkeeper is responsible; alternatively, these fees may be charged at a flat rate per participant account.

Petitioners are three current or former employees of Northwestern University. Each participates in both the Retirement and Savings Plans. In 2016, they sued: Northwestern University; its Retirement Investment Committee, which exercises discretionary authority to control and manage the Plans; and the individual officials who administer the Plans (collectively, respondents). Petitioners allege that respondents violated their statutory duty of prudence in a number of ways, three of which are at issue here. First, respondents allegedly failed to monitor and control the fees they paid for recordkeeping, resulting in unreasonably high costs to plan participants. Second, respondents allegedly offered a number of mutual funds and annuities in the form of "retail" share classes that carried higher fees than those charged by otherwise identical "institutional" share classes of the same investments, which are available to certain large

investors. App. 83–84, 171. Finally, respondents allegedly offered too many investment options—over 400 in total for much of the relevant period—and thereby caused participant confusion and poor investment decisions.

In 2017, respondents moved to dismiss the amended complaint. The District Court granted the motion and denied leave to amend. *Divane* v. *Northwestern Univ.*, No. 16–C–8157, 2018 WL 2388118, \*14 (ND Ill., May 25, 2018). The Seventh Circuit affirmed. *Divane* v. *Northwestern Univ.*, 953 F. 3d 980, 983 (2020). This Court granted certiorari. 594 U. S. ___ (2021).[1]

II

**[1]** In *Tibble*, this Court interpreted ERISA's duty of prudence in light of the common law of trusts and determined that "a fiduciary normally has a continuing duty of some kind to monitor investments and remove imprudent ones." 575 U. S., at 530. Like petitioners, the plaintiffs in *Tibble* alleged that their plan fiduciaries had offered "higher priced retail-class mutual funds as Plan investments when materially identical lower priced institutional-class mutual funds were available." *Id.,* at 525–526. Three of the higher priced investments, however, had been added to the plan outside of the 6-year statute of limitations. *Id.,* at 526. This Court addressed whether the plaintiffs nevertheless had identified a potential violation with respect to these funds. The Court concluded that they had because "a fiduciary is required to conduct a regular review of its investment." *Id.,* at 528. Thus, "[a] plaintiff may allege that a fiduciary breached the duty of prudence by failing to properly monitor investments and remove imprudent ones." *Id.,* at 530. This Court then remanded the case for the court below to consider whether the plaintiffs had plausibly alleged such a violation. *Id.,* at 531.

**[2]** *Tibble*'s discussion of the duty to monitor plan investments applies here. Petitioners allege that respondents failed to monitor the Plans' investments in a number of ways, including by retaining recordkeepers that charged excessive fees, offering options likely to confuse investors, and neglecting to provide cheaper and otherwise-identical alternative investments. As a result, respondents allegedly failed to remove imprudent investments from the Plans' offerings. These allegations must be considered in light of the principles set forth in *Tibble* to determine whether petitioners have stated a plausible claim for relief.

**\*4** In rejecting petitioners' allegations, the Seventh Circuit did not apply *Tibble*'s guidance. Instead, the Seventh Circuit focused on another component of the duty of prudence: a fiduciary's obligation to assemble a diverse menu of options. The court determined that respondents had provided an adequate array of choices, including "the types of funds plaintiffs wanted (low-cost index funds)." 953 F. 3d, at 991. In the court's view, these offerings "eliminat[ed] any claim that plan participants were forced to stomach an unappetizing menu." *Ibid.*

**[3]** The Seventh Circuit erred in relying on the participants' ultimate choice over their investments to excuse allegedly imprudent decisions by respondents. In *Tibble*, this Court explained that, even in a defined-contribution plan where participants choose their investments, plan fiduciaries are required to conduct their own independent evaluation to determine which investments may be prudently included in the plan's menu of options. See 575 U. S., at 529–530. If the fiduciaries fail to remove an imprudent investment from the plan within a reasonable time, they breach their duty. See *ibid.*

The Seventh Circuit's exclusive focus on investor choice elided this aspect of the duty of prudence. For instance, the court rejected petitioners' allegations that respondents offered "investment options that were too numerous, too expensive, or underperforming" on the same ground: that petitioners "failed to allege ... that Northwestern did not make their preferred offerings available to them," and simply "object[ed] that numerous additional funds were offered as well." 953 F. 3d, at 991. In the court's view, because petitioners' preferred type of investments were available, they could not complain about the flaws in other options. See *ibid.* The same was true for recordkeeping fees: The court noted that "plan participants had options to keep the expense ratios (and, therefore, recordkeeping expenses) low." *Id.,* at 991, n. 10. Thus, "[t]he amount of fees paid were within the participants' control." *Ibid.*

**[4]** Given the Seventh Circuit's repeated reliance on this reasoning, we vacate the judgment below so that the court may reevaluate the allegations as a whole. On remand, the Seventh Circuit should consider whether petitioners have plausibly alleged a violation of the duty of prudence as articulated in *Tibble*, applying the pleading standard discussed in *Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009), and *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544 (2007). "Because the content of the duty of prudence turns on 'the circumstances ... prevailing' at the time the fiduciary acts, § 1104(a)(1)(B), the

appropriate inquiry will necessarily be context specific." *Fifth Third Bancorp* v. *Dudenhoeffer*, 573 U. S. 409, 425 (2014). At times, the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise.

\* \* \*

The judgment of the Seventh Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

Justice Barrett took no part in the consideration or decision of this case.

**All Citations**

--- S.Ct. ----, 2022 WL 199351

Footnotes

\*       The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

1       This Court granted certiorari only to review the ruling below on the motion to dismiss. See Pet. for Cert. i. Accordingly, this Court expresses no view on the propriety of the District Court's denial of leave to amend.

© 2022 Thomson Reuters. No claim to original U.S. Government Works.