UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART KROHNENGOLD, et al.,<br><br>                        Plaintiffs,<br><br>     v.<br><br>NEW YORK LIFE INSURANCE CO., et al.<br><br>                        Defendants. | Case No. 1:21-cv-01778 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit this response to Plaintiffs' Notice of Supplemental Authority ("Notice", ECF No. 54) concerning *Hughes v. Nw. Univ.*, No. 19-1401, 2022 WL 199351 (U.S. Jan. 24, 2022).

*Hughes* does not support Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint (the "Opposition" to the "Motion") because it does not address the arguments in the Motion. In their Motion, Defendants argued that: (i) Plaintiffs lacked standing to challenge the Plans'[1] default investment option, the Fixed Dollar Account, where they were not defaulted into it; (ii) claims regarding the Fixed Dollar Account were barred by ERISA's statute of repose; (iii) Plaintiffs failed to state a claim for fiduciary breach as to the use of the Fixed Dollar Account as a default where the United States Department of Labor allows plan sponsors to use stable value funds like the Fixed Dollar Account as a default, and as to the MainStay Funds where those Funds outperformed Plaintiffs' chosen comparators in certain years and where Plaintiffs had failed to adequately plead that certain of their comparators were

---

[1] Capitalized terms have the same meaning as in Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss ("Defs.' Mem."), ECF No. 42.

comparable to the Funds; and (iv) Plaintiffs' prohibited transaction and anti-inurement claims failed to state a claim. *See generally* Defs.' Mem. *Hughes* addressed none of these issues. Instead, it held that the Seventh Court had erred by ruling that "because [plaintiffs'] preferred type of investments were available [in the plans], they could not complain about the flaws in other options." 2022 WL 199351, at *4. That holding has no relevance to Defendants' actual arguments for dismissal here.

Instead, if *Hughes* has any relevance to the Motion (which it does not), it supports Defendants. The Supreme Court reiterated its holding in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014), that "[a]t times, the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise" in ruling on motions to dismiss. 2022 WL 199351, at *4. Moreover, by holding that courts ruling on motions to dismiss ERISA claims must "apply[] the pleading standard discussed in . . . *Bell Atlantic Corp. v. Twombly*, 550 U.S. 533 [] (2007)," the Court in *Hughes* rejected the lower pleading standards for ERISA claims applied in two decisions that Plaintiffs relied on in their Opposition, including the Second Circuit's ruling in *Sacerdote v. New York University* that Plaintiffs cited eight times in opposition. *See Sacerdote*, 9 4th 95, 108 & n.47 (2d Cir. 2021); *Sweda v. Univ. of Pa.*, 923 F.3d 320, 326 (3d Cir. 2019); *see generally* Opp.

Plaintiffs' attempts to nonetheless argue that *Hughes* supports their Opposition fail. Plaintiffs suggest (Notice at 2) that Defendants' arguments in the Motion are somehow inconsistent with "the standard" set forth in *Tibble v. Edison International*, 575 U.S. 523 (2015). But *Hughes* held that *Twombly*, not *Tibble*, supplies the proper pleading standard under Rules 8 and 12(b)(6). Notably, *Tibble* (itself referenced nine times in the Notice) addressed the grant of

summary judgment, not the standards to be applied under Rule 12(b)(6), as *Twombly* and *Dudenhoeffer* did. And substantively, *Tibble* holds only that fiduciaries are "required to conduct a regular review of [] investment[s]" and breach their duties "by failing to properly monitor investments and remove imprudent ones." 2022 WL 199351, at *4 (quoting *Tibble*, 573 U.S. at 528, 530). Defendants do not argue otherwise. The Amended Complaint's conclusory allegations that the Plans' fiduciaries failed to prudently or loyally monitor the MainStay funds fail to state claims for reasons not addressed in either *Hughes* or *Tibble*. *See* Defs.' Mem. at 7–20. Indeed, Plaintiffs do not even suggest that *Hughes* or *Tibble* have any bearing on their claims relating to the Fixed Dollar Account, which they do not allege was an imprudent fund.

Dated: February 2, 2022

Respectfully submitted,

*/s/ James O. Fleckner*
James O. Fleckner, *admitted pro hac vice*
Dave Rosenberg, *admitted pro hac vice*
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
jfleckner@goodwinlaw.com
drosenberg@goodwinlaw.com

William J. Harrington
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
wharrington@goodwinlaw.com

*Counsel for Defendants*