UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STUART KROHNENGOLD, et al,

Plaintiffs,

v.

NEW YORK LIFE INSURANCE CO., et al.,

Defendants.

Case No. 1:21-cv-01778

## STIPULATION AND ~~[PROPOSED]~~ CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, by and among Plaintiffs Stuart Krohnengold, Wayne Antoine, Lee Webber, Anthony Medici, Joseph Bendrihem, Larry Gilbert, Rafael Musni, Thomas Lantz, Sandra Scanni, and Claudia Gonzalez ("Plaintiffs") and Defendants New York Life Insurance Co. ("NY Life"), Fiduciary Investment Committee, Board of Trustees, Katherine O'Brien, Anthony R. Malloy, Yie-Hsin Hung, Arthur A. Seter, Scott L. Lenz, and Robert J. Hynes ("Defendants") in the above-captioned action (the "Action"), through their undersigned counsel, that the following provisions of this Stipulation and Confidentiality  Order (the "Stipulation and Order") govern disclosure and use by the Parties of all documents, testimony, transcripts, video, audio, exhibits, interrogatory answers, responses to requests for admission, electronically stored information ("ESI"), and any other materials and information (including, to avoid any ambiguity, any copies, summaries, or derivations thereof)

1

produced or provided by the Parties or any non-party during discovery in this Action (collectively, "Discovery Material(s)").

1.      This Stipulation and Order is entered to facilitate the production, exchange, and discovery of Discovery Materials that merit confidential treatment.

2.      All Confidential Discovery Materials produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeal therefrom).

3.      A Party, non-party, person, or other entity that produces or discloses Discovery Materials in connection with this Action shall be referred to herein as the "Disclosing Party."

4.      A Party, non-party, person, or other entity that receives Discovery Materials in connection with this Action shall be referred to herein as the "Receiving Party."

5.      A Party, non-party, person, or other entity that designates any Material produced in this Action as "Confidential" shall be referred to herein as the "Designator."

6.      "Document" shall have the meaning assigned in Local Rule 26.3, and shall also include any recorded form of information, whether in printed, electronic, or other format, including deposition transcripts, answers to interrogatories, and other discovery responses.

7.      Any Disclosing Party may, subject to the provisions of this Stipulation and Order, designate as "Confidential" any Discovery Material that the Disclosing Party reasonably and in good faith believes contains confidential and/or proprietary business or personal information protected under Federal Rule of Civil Procedure 26(c), and that the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and thus requires the protections provided in this Stipulation and Order.  Confidential Material may include, *inter alia*, all non-public materials containing information related to: financial or

business plans, data, or projections; proposed plans or strategies; studies or analyses by internal

or external experts or consultants; financial or tax data; competitive analyses; organizational

charts or lists of personnel; information or documents subject to confidentiality or non-disclosure

agreements with third parties; 401(k) participant account data; 401(k) plan design and/or

administration data; other commercially sensitive or proprietary information; or personal

financial information or other confidential personal information.

8.      Discovery Material designated "Confidential" shall be referred to herein as

"Confidential Discovery Material."  No designation of Confidential Discovery (other than with

respect to ESI) shall be effective unless there is placed on, or affixed to, the materials (in such

manner as will not interfere with the legibility thereof) a "Confidential" stamp, sticker, mark,

notice, or the equivalent (collectively, a "Stamp") or, in the case of depositions, as set forth in

Paragraph 15, below.  ESI designated as "Confidential" shall be so designated by including a

"Confidential" designation or notice in the body of the electronic document or by affixing a

Stamp with such notice to the medium (including, but not limited to, tapes, CDs, DVDs, and

flash drives) on which the ESI is stored before copies are delivered to a Receiving Party.

Printouts of any such ESI designated as Confidential Discovery Material shall be treated in

accordance with the terms of this Stipulation and Order.  Notwithstanding the foregoing, Excel

documents or any other type of electronically stored information produced in native format

(together, "Natively Produced ESI") need not be produced using a means sufficient to ensure that

every page of such document, when printed, contains the appropriate Stamp.  Instead, the

Disclosing Party shall use reasonable means to designate "Confidential," by (a) producing a

TIFF placeholder image corresponding to the Natively Produced ESI that includes a

"Confidential" Stamp; and (b) including "Confidential" on the label of the media or in the transmittal e-mail containing the Natively Produced ESI.

9.      The Receiving Party may at any time challenge the designation of one or more Discovery Materials as "Confidential" on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.  If the Disclosing Party or Party-Designator agrees, it shall promptly notify the Receiving Party that it is withdrawing or changing the designation.

10.     The designation of any Discovery Material as Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or other immunity or protection from disclosure, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

11.     This Stipulation and Order is without prejudice to the right of any Disclosing Party or Designator to assert that any Discovery Material is subject to any applicable claim of privilege or protection (collectively referred to as "privilege[s]"), and is without prejudice to any other Party's right to contest such a claim of privilege.

12.     The inadvertent production of any Discovery Material in this Action shall be without prejudice to any claim that such material is privileged, and no Party shall have waived any claims or arguments by virtue of the inadvertent production of Discovery Material.  In order to claw back Discovery Material purportedly protected from disclosure by privilege that was produced inadvertently, the parties must promptly do as follows:

(a)     The Disclosing Party must provide notice in writing to the Receiving Party specifying the Bates number of (or otherwise identifying with sufficient specificity) the

Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw-back request;

(b)     The Receiving Party must use reasonable efforts to destroy or return to the Disclosing Party all copies of the inadvertently produced Discovery Materials in its possession, custody or control, and notify the Disclosing Party, or any other Party purporting to hold a privilege, that they have done so;

(c)     The Receiving Party must take reasonable steps to retrieve the inadvertently produced Discovery Materials from other persons, if any, to whom such Discovery Materials have been provided, and notify the Disclosing Party that they have done so; and

(d)     Notwithstanding the provisions set forth above, if the Receiving Party(ies) dispute(s) the Disclosing Party's claim or believes the privilege has been waived, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies, and the Parties shall promptly meet and confer.  If the Parties cannot resolve the issue, the Receiving Party may submit the disputed Discovery Material, under seal, to the Court for determination of the claim of privilege.

13.     If, during a deposition, a Party claims that Discovery Material being used in the deposition (*e.g.*, a document marked as an exhibit, shown to the witness, or made the subject of examination) is subject to privilege, it may at its sole election: (a) allow the Discovery Material to be used in the deposition without waiver of its claim of privilege, or (b) instruct the witness not to answer questions concerning the Discovery Material pending a prompt resolution of any disagreement concerning the Discovery Material's purported privileged status.  If the Party allows the examination concerning the Discovery Material to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged Discovery Material.  Immediately

5

following the deposition, the Parties will commence the procedure outlined in the preceding

paragraph to address the claim of privilege, including the notice requirement set forth in

Paragraph 12.  Until the dispute is resolved, all Parties and any other persons who have access to

the transcript of such deposition shall treat the portion of that transcript relating to the

purportedly privileged Discovery Material as Confidential.  If any Party instructs the witness not

to answer questions concerning the Discovery Material, the Parties will then cooperate in

promptly submitting the issue of the Discovery Material's status to the Court.  If the Discovery

Material is ultimately determined not to be privileged, the Party or entity asserting the claim of

privilege will be responsible for ensuring that the deposing Party is given an opportunity to

depose the witness about the Discovery Material, which shall be at the earliest practicable time

for the witness and its counsel.

14.     If a Disclosing Party inadvertently discloses Confidential Discovery Material

without designating it as such, the Disclosing Party shall inform the Receiving Party of such

inadvertent disclosure within fourteen (14) days of its discovery.  Such notice shall identify the

inadvertently-produced document by bates number and/or document identification number.

Promptly after providing such notice, the Disclosing Party shall provide re-labeled copies of the

material (bearing the same bates numbers or mapped to the original bates numbers, but now

stamped "Confidential") to each Receiving Party reflecting the new designation.  The Receiving

Party or Parties shall replace the originally designated material with the newly designated

material and shall destroy the incorrectly designated material.  The Receiving Party shall

thereafter treat the information as Confidential Discovery Material.  To the extent such

information may have been disclosed to anyone not authorized to receive Confidential Discovery

Material, the Receiving Party shall make reasonable efforts to retrieve the information promptly

and to avoid any further such disclosure.  The failure to advise the Receiving Party of such inadvertent disclosure within fourteen (14) days after discovery shall not constitute a waiver of any confidentiality designation or an admission by the Disclosing Party that such information is not confidential.

15.    A Disclosing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" under the terms of this Stipulation and Order.  Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the Disclosing Party.  All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be bound in separate volumes and prominently marked "Confidential" on the cover thereof.  Objections to the designation of Confidential Discovery Material under this Paragraph shall be governed by the procedure set forth in Paragraph 25, below.

16.    Each Party shall have the responsibility, through counsel, to advise the Disclosing Party promptly of any compromises of the confidentiality of Confidential Discovery Material. The Party that disclosed the Confidential Discovery Material to a Party or person not authorized under this Stipulation and Order to receive such Confidential Discovery Material shall make commercially reasonable efforts to bind such person or Party to the terms of this Stipulation and Order; and shall, as soon as practicable, but in any event, no later than five (5) business days after discovery by counsel of record of such disclosure (a) inform such person of all the provisions of this Stipulation and Order; (b) request such person to execute the Undertaking Regarding the Stipulation and Agreed Protective Order With Respect to Discovery Materials,

which is Exhibit A hereto (the "Undertaking"); (c) make commercially reasonable efforts to retrieve all copies of the Confidential Discovery Material; and (d) notify the Disclosing Party in writing of the unauthorized disclosure and the identity of such person.  If such person executes the Undertaking, a copy of the executed Undertaking shall promptly be sent to the Disclosing Party.  The Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Discovery Material.

17.     Subject to any other written agreement among or between the Parties, a Receiving Party may access or use Confidential Discovery Material that is disclosed or produced by a Disclosing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action.  Except as required by law, a Receiving Party may not use Confidential Discovery Material for any other purpose, including, without limitation, any business or commercial purpose, contractual repurchase demands, or any purpose related to any new or separate investigation or proceeding unrelated to the causes of actions and transactions at issue in this Action.  Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation and Order.

18.     Except as otherwise specifically provided in this Stipulation and Order, absent the prior express written consent of the Disclosing Party or a determination by the Court that the specific Confidential Discovery Material at issue shall be filed publicly rather than under seal, Confidential Discovery Material shall not be disclosed, summarized or otherwise made available to anyone except the following persons:

(a)     the Parties themselves;

(b)      the Court and Court personnel, any appellate court in this Action, and jurors;

(c)      the Parties' in-house and outside counsel participating in the prosecution and defense of this Action and their legal, clerical, or support staff, including temporary or contract staff;

(d)      professional court reporters, stenographers, or video and/or audio operators transcribing, recording, or taping depositions or testimony in this Action;

(e)      expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Action, provided that counsel, in good faith, requires their assistance in connection with this Action, and further provided that any part of a report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" as the case may be, by the Party responsible for its creation; and ***provided further*** that the experts or consultants may not use Confidential Discovery Material to their competitive advantage or for any purpose that does not relate to the above-captioned Action;

(f)      deponents and witnesses or prospective deponents or witnesses (and counsel for such deponents or witnesses) to the extent reasonably believed by counsel to be necessary in connection with their testimony in this Action or the preparation thereof; provided, however, that a person identified solely in this Subparagraph 18(f) shall not be permitted to retain copies of such Confidential Discovery Material;

(g)      vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearing, including outside photocopying, data processing, graphic production services, litigation support services or investigators employed by the Parties or their

counsel to assist in this Action, and information technology personnel performing duties in relation to a computerized litigation system;

(h)     any mediator or arbitrator engaged by the named Parties to the Action;

(i)     the insurers and reinsurers of the Parties to these proceedings, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Action;

(j)     a non-party (including a former officer, director or employee of a Party) who authored or previously received the Confidential Discovery Material;

(k)     the officers, directors and employees of the Parties and/or the Court-appointed class representatives in this Action who have responsibility for supervising, maintaining, defending, or evaluating this Action and/or issues involved in this Action (and their supporting personnel); and

(l)     any other person agreed to by the Parties in writing.

19.     A Party may change the designation of any Discovery Material that contains Confidential Discovery Material produced by another Disclosing Party without a designation of "Confidential" provided that such Discovery Material contains the upward Designator's own Confidential Discovery Material.  Upward designations shall be accomplished by providing written notice to all Parties identifying (by bates number, document identification number, production number, transcript line and/or page number, or other individually identifiable information) the Discovery Material whose designation is to be increased.  Promptly after providing such notice, the upward Designator shall provide re-labeled copies of the Discovery Material (bearing the same bates numbers or mapped to the original bates numbers, but now stamped "Confidential") to each Receiving Party reflecting the new designation.  The Receiving Party or Parties shall replace the originally non-designated Discovery Material with the newly

designated material and shall destroy the non-designated material.  Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in Paragraph 25 of this Stipulation and Order.  The upward Designator shall bear the burden of establishing the basis for the enhanced designation.

20.     The terms "counsel," "expert," and "investigator" include their staff who are involved with, and reasonably necessary to assist, such counsel, expert or investigator in the preparation of this litigation.

21.     All persons to whom Confidential Discovery Material is disclosed pursuant to Subparagraphs 18(a), (c)-(k) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order.  All persons to whom Confidential Discovery Material is disclosed solely pursuant to Subparagraphs 18(e) and (l) shall be required to execute an Undertaking evidencing their agreement to the terms of this Stipulation and Order.

22.     Each Receiving Party shall use due care with respect to the storage, custody, use, and/or dissemination of Confidential Discovery.  A person with custody of Discovery Material designated Confidential shall use commercially reasonable efforts to maintain them in a manner that limits access to those persons entitled under this Stipulation and Order to examine the Discovery Material so designated.

23.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, and digests, of Confidential Discovery Material for use in connection with this litigation, and such working copies, abstracts, and digests, shall be deemed to have the same level of protection as other Confidential Discovery Material.  Further, nothing herein shall restrict a qualified recipient from converting or translating such Confidential Discovery Material into machine-readable form for incorporation in a data retrieval system used in connection with

this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to those qualified recipients set forth in Paragraph 18.

24.     If, at any time, any Confidential Discovery Materials governed by this Stipulation and Order are subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall, no later than five (5) business days after receiving such subpoena or request, give written notice to the Disclosing Party and include with such notice a copy of the subpoena or request.  The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the Disclosing Party a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Confidential Discovery Materials, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request.  In no event shall such Confidential Discovery Materials subject to this Stipulation and Order be produced by a person receiving a subpoena or request without providing the Disclosing Party an opportunity to quash, limit or object, absent a court order to do so or as otherwise required by law.

25.     No Party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.  If, at any time, a Party objects to a designation of Discovery Materials as Confidential under this Stipulation and Order, the objecting Party shall notify the Disclosing Party in writing of that objection.  Within seven (7) calendar days of the receipt of such notification, the Disclosing Party shall advise the objecting Party whether it will withdraw the confidentiality designation, and if the Disclosing Party does not withdraw the

confidentiality designation, respective counsel for the Disclosing Party and the objecting Party

shall meet and confer within seven (7) calendar days in an effort to resolve any disagreement

regarding the Disclosing Party's designation of the Discovery Materials as Confidential.  If, for

whatever reason, the Parties do not resolve their disagreement within that time period, within

thirty-five (35) calendar days from the date of the notification of objection, the Receiving Party

may move the Court for a ruling on the Disclosing Party's designation of the Discovery

Materials as Confidential.  The Disclosing Party shall have the burden of showing that the

Discovery Material is Confidential.  While any such motion is pending, the Discovery Materials

subject to that motion shall continue to be treated as Confidential.  If the Receiving Party does

not move the Court for a ruling on the Disclosing Party's designation of Discovery Materials as

Confidential within thirty-five (35) calendar days from the date of the notification, the Discovery

Materials in question will remain designated as Confidential.  Nothing in this Stipulation and

Order shall be construed as preventing any Party from objecting to the designation of any

Discovery Material as Confidential or preventing any Party from seeking further protection for

any Discovery Material it produces in discovery.

     26.     Subject to paragraph 27, below:

     (a)     Any party seeking to file or to submit Confidential Discovery Material, or

any pleadings, motions, or other papers that disclose Confidential Discovery Material, with the

Court shall do so in compliance with Hon. Jesse M. Furman's Individual Rules of Practice 7.

Pursuant to Rule 7(C)(i), any party seeking to file a document under seal or in redacted form

(with the exception of redactions that do not require court approval under Rule 7(A)), should first

meet and confer with the opposing party.  Where the filing party seeks leave to file under seal or

in redacted form a document on the grounds that the Disclosing Party or Party-Designator has

designed that document as Confidential Discovery Material, or seeks leave to file under seal or in

redacted form a pleading, motion, or other paper on the grounds that it discloses Confidential

Discovery Material designated as such by the Disclosing Party or Party-Designator, the filing

party shall notify the Disclosing Party or Party-Designator of its intent to file Confidential

Discovery Material no later than three business days prior to the date of such filing, and specify

by bates number(s), deposition transcript page(s), or otherwise the Confidential Discovery

Material at-issue.  Unless the Disclosing Party or Party-Designator consents to the public filing

of such Confidential Discovery Material, the filing party shall then file on the Court's ECF

system redacted copies of such Confidential Discovery Material (or slipsheets for any documents

filed entirely under seal) or any filings that disclose Confidential Discovery Material.

Contemporaneous with the filing of the of the redacted and/or sealed documents, the filing party

shall file a letter-motion seeking leave to file such Confidential Discovery Material under seal on

ECF, indicating that the Disclosing Party or Party-Designator will submit a separate letter-

motion justifying the request for leave to maintain such Confidential Discovery Material under

seal.  The proposed sealed document(s) shall be contemporaneously filed under seal on ECF

(with the appropriate level of restriction) and electronically related to the motion (or to any

previous order by the Court granting leave to file the document under seal) pursuant to the rules

of the Court and the Southern District of New York. The Disclosing Party or Party-Designator

then shall have three (3) days from that time to file such a letter-motion.  If no such letter-motion

is filed or if such letter-motion is denied, the filing party shall re-file non-redacted copies of such

Confidential Discovery Material or filings on the Court's ECF system.

    (b)  The Parties agree that, if in advance of any hearing, trial or other in-person

court appearance in the Action, Defendants request a meet and confer concerning the potential

use of any Confidential Discovery Material at any such hearing, trial, or any other court appearance in the Action, the Parties shall meet and confer concerning such potential use of Confidential Discovery Material in Court, and shall jointly seek guidance from the Court as to the handling of Confidential Discovery Material at any such hearing, trial, or other court appearance.

27.    The Parties acknowledge that this Stipulation and Protective Order do not entitle them to file confidential information under seal without leave of Court.

28.    After the termination of the Action (including after all appeals relating to the Action have been exhausted or the time to appeal has expired), this Stipulation and Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the Parties for enforcement of this Stipulation and Order.

29.    Within one hundred (100) days after the final conclusion of all aspects of the Action by judgment not subject to further appeal or by settlement, the Parties shall take commercially reasonable efforts to see that all Confidential Discovery Material shall either be (a) destroyed and the Disclosing Party shall be provided with a certification stating that the Disclosing Party's Confidential Discovery Materials have been destroyed; or (b) returned, upon the request of the Disclosing Party.  As to those Confidentiality Discovery Materials that appear in counsel's work product, that were served in the Action, or were filed with the Court and/or marked as trial exhibits, counsel may retain such Confidential Discovery Materials if such counsel otherwise comply with this Stipulation and Order with respect to such retained Confidential Discovery Material.

30.     Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own Discovery Materials that have been designated as Confidential pursuant to this Stipulation and Order.

31.     In addition, nothing in this Stipulation and Order shall prevent or in any way limit:

(a)     disclosure, use or dissemination of any Discovery Material that was, is, or becomes public knowledge, not in breach of this Stipulation and Order;

(b)     the Parties' use or disclosure of their own Discovery Materials that have been designated as Confidential Discovery Material; or

(c)     disclosure, use or dissemination of any Discovery Material that is acquired by a Party from a non-party having the right to disclose such Discovery Material or is learned by a Party as a result of that Party's own independent efforts, investigation or inquiry.

32.     A non-party from whom discovery is sought by the Parties to this Action may designate Discovery Materials as "Confidential" pursuant to and consistent with the terms of this Stipulation and Order.  Under such circumstances, Discovery Material designated "Confidential" by a non-party shall be afforded the same protections as Discovery Material so designated by a Disclosing Party, and all duties applicable to a Disclosing Party under this Stipulation and Order shall apply to a non-party designating Discovery Material "Confidential."  All obligations applicable under this Stipulation and Order to Parties receiving Confidential Discovery Material shall apply to any Party receiving Confidential Discovery Material from such non-party.

33.     If a non-party produces Discovery Material during the course of this Action that the producing non-party did not designate as "Confidential" but which a Party believes in good faith constitutes or contains the Party's own confidential and/or proprietary business or personal

information that satisfies the definition of "Confidential" as set forth in Paragraph 7, the Party may (1) request that the non-party designate the Discovery Material as "Confidential" at the time of production in the manner specified above; or (2) the Party may itself designate the Material as "Confidential," in which case the Party-Designator shall, within seven (7) business days of receipt of the Discovery Material by the Party-Designator, notify counsel for the other Parties of the Party-Designator's intent to designate the Material and provide counsel for the Parties with re-labeled copies of such Discovery Material (bearing the same bates numbers or mapped to the original bates numbers, but now stamped "Confidential") reflecting the new designation.  Upon receipt of re-labeled copies, counsel for the Parties and all other persons who have received undesignated copies of the Discovery Material shall either return such Discovery Material to counsel for the Party-Designator or destroy all such Discovery Materials, copies, and other reproductions thereof.  Discovery Material produced during the course of this Action by any non-party that is not designated "Confidential" may not be disclosed to any third party before the expiration of seven (7) business days from the date upon which such Discovery Material has been received by all Parties, in order to permit any Party-Designator the seven (7) business days provided in this paragraph within which to designate Discovery Material that was not designated by the Disclosing Party.  Objections to the designation of Confidential Discovery Material under this Paragraph shall be governed by the procedure set forth in Paragraph 25, above.

34.     In the event that additional persons become parties to this Action, such parties may join this Stipulation and Order by agreeing in writing to be bound by its terms and conditions and upon the unanimous written consent of the Parties to this Stipulation and Order. In such event, the additional parties shall have access to Confidential Discovery Material produced by, or obtained from, any Disclosing Party pursuant to this Stipulation.

35.     This Stipulation and Order shall not be construed to affect or limit in any way the admissibility or use of any Discovery Material or other evidence, whether or not it is designated as Confidential, at trial, in briefing or on a hearing concerning any motion (such as a summary judgment motion or class certification motion), or to prejudice or limit in any way the rights of any Party to object to the authenticity, admissibility into evidence, or use of any Discovery Material or other evidence at trial or a hearing.

36.     This Stipulation and Order shall not prevent any Party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties, subject to approval of the Court, to modify this Stipulation and Order.

37.     This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York.  Any dispute between the Parties regarding this Stipulation and Order shall be resolved by making an appropriate application to this Court in accordance with the rules thereof.

38.     This Stipulation and Order may be executed in counterparts.  This Stipulation and Order shall become effective as a stipulation among the Parties immediately upon its execution.

DATED: November 18, 2022

By:     _/s/ Kai H. Richter_____
Kai H. Richter (admitted *Pro Hac Vice*)
Michelle C. Yau (admitted *Pro Hac Vice*)
Daniel R. Sutter (admitted *Pro Hac Vice*)
Eleanor Frisch (admitted *Pro Hac Vice*)
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave. NW ● Fifth Floor

Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
myau@cohenmilstein.com
krichter@cohenmilstein.com
dsutter@cohenmilstein.com
efrisch@cohenmilstein.com

Michael Eisenkraft (NY. Bar No. 664737)
**Cohen Milstein Sellers & Toll PLLC**
88 Pine Street ● 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
meisenkraft@cohenmilstein.com

*Counsel for Plaintiffs*

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

By:      /s/ James O. Fleckner
James O. Fleckner, *admitted pro hac vice*
Dave Rosenberg, *admitted pro hac vice*
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
jfleckner@goodwinlaw.com
drosenberg@goodwinlaw.com

William J. Harrington
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
wharrington@goodwinlaw.com

*Counsel for Defendants*

SO ORDERED.

Dated:   November 18, 2022
        _____

Jesse M. Furman, United States District
Judge

19

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

STUART KROHNENGOLD, et al,,

                Plaintiffs,

                        Case No. 1:21-cv-01778

    v.

NEW YORK LIFE INSURANCE
COMPANY, et al.,

                Defendants.

**UNDERTAKING REGARDING STIPULATION
AND CONFIDENTIALITY ORDER**

I, _____, declare that:

    1.    I have received a copy of the Stipulation and Confidentiality Order, entered on

_____ (the "Stipulation and Order") in the action entitled *Krohnengold v. New York*

*Life Insurance Company*, No. 1:21-cv-01778 (S.D.N.Y.) (the "Action"), and I have read and

understand its provisions.

    2.    I will comply with all of the provisions of the Stipulation and Order.  I will hold in

confidence, will not disclose to anyone other than those persons specifically authorized by the

Stipulation and Order, and will not use for purposes other than for this Action any information or

materials designated "Confidential" that I receive in this Action, except as otherwise permitted

under the terms of the Stipulation and Order.

3.      I understand that by executing this undertaking, I am subject to the jurisdiction of the United States District Court for the Southern District of New York, which may enforce the terms of the Stipulation and Order and this undertaking.


Dated:_____                    _____
                                                                    [Name]