# BakerHostetler

**Baker&Hostetler LLP**

2850 North Harwood Street
Suite 1100
Dallas, TX  75201-2640

T  214.210.1200
F  214.210.1201
www.bakerlaw.com

Tamara D. Baggett
direct dial: 214.210.1208
tbaggett@bakerlaw.com

September 5, 2023

**Via ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re:   *Krohnengold et al. v. New York Life Inc. Co. et al.*, No. 1:21-cv-01778-JMF

Dear Judge Furman:

Pursuant to Paragraph 26(a) of the Stipulation and Confidentiality Order ("Confidentiality Order") in this action (ECF 84), and Rule 7 of the Court's Individual Rules of Practice for Civil Cases, Third-party LCG Associates, Inc. respectfully submits this memorandum of law in support of its request to maintain under seal information contained in exhibits to Plaintiffs' Reply in Support of Motion for Class Certification (the "Reply"):

LCG_Associates_00000118 and 0221 (Exhibit 3 to the Declaration of Jacob Schutz) ("Exhibit 3");

LCG_Associates_00016069 (Exhibit 13 to the Schutz Declaration) ("Exhibit 13"); and

Brian Falco Deposition, page 35 (Exhibit 19 to the Schutz Declaration) ("Exhibit 19") (collectively, the "Confidential Material").

LCG withdraws its request to maintain the following under seal:

LCG_Associates_00046726 (Exhibit 9 to the Schutz Declaration);

LCG_Associates_00020498 (Exhibit 12 to the Schutz Declaration); and

LCG_Associates_00000020 (Exhibit 21 to the Schutz Declaration).

The Honorable Jesse M. Furman
September 5, 2023
Page 2

LCG further requests that the Court retain redactions related to Exhibits 3, 13, and 19. LCG reasonably and in good faith believes the Confidential Material contains confidential and/or proprietary business information protected under Federal Rule of Civil Procedure 26(c). LCG would not normally reveal the Confidential Material to third parties or would cause third parties to maintain it in confidence. *See* Confidentiality Order, 26(a). The Confidential Material contains information protected by the Confidentiality Order because the materials contain the following: proposed plans and strategies and LCG's internal studies or analyses. *See id.*

I. **Exhibits 3, 13, and 19 contain LCG's proposed plans and strategies and internal studies and analyses.**

The Confidentiality Order protects materials that contain LCG's proposed plans and strategies and internal studies or analyses. *See* Confidentiality Order, 26(a). Further, Courts have routinely acknowledged a non-party's interest in keeping commercially sensitive information exchanged between a party and non-party confidential, where disclosure would cause the non-party competitive harm. *See, e.g., Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015) (permitting redaction of information in patent license agreement minimally relevant to parties' claims that contains "commercially sensitive information" that would "competitively disadvantage both parties to the agreement"); *Alexander Interactive, Inc. v. Adorama, Inc.*, 12 Civ. 6608, 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be filed under seal); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 649-50 (S.D.N.Y.2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y.1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).

Here, Exhibits 3, 13, and 19 contain consultant LCG's advice to its client and methods of analysis in support of its advice to its client. Specifically, the exhibits contain a detailed draft memorandum with LCG analysis methods (Exhibit 3), LCG's internal discussion regarding advice to a client (Exhibit 13); and an LCG representative's testimony regarding client advice (Exhibit 19).

II. **Third-Party LCG's interest in maintaining the confidentiality of the Confidential Material far outweighs the minimal presumption of access afforded to the information.**

Sealing or redacting of documents is appropriate where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Graczyk v. Verizon Communications, Inc.*, 18-cv-6465, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The Second Circuit has held that, in determining whether to permit documents to be filed under seal, courts must balance the "common

The Honorable Jesse M. Furman
September 5, 2023
Page 3

law right of public access to judicial documents" with "countervailing factors" such as the "privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120.

The presumption of access applies to judicial documents, which are those "relevant to the performance of the judicial function and useful in the judicial process." *Id.* The weight of the presumption, however, depends on the materiality of the information in resolving the dispute. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*; *see also United States v. Amodeo*, 71 F.3d 1044, 1048-49 (2d Cir. 1995) (noting that the weight of the presumption will vary depending on where on the "continuum" the confidential information falls, with the greatest weight given when the information "directly affect[s] an adjudication").

Here, the redacted information has no bearing on the determinative issue in this action as asserted by Plaintiffs – namely, whether "Defendants' Commonality and Typicality Challenges to the Primary Classes Have Been Rejected in Other ERISA Cases Involving Proprietary Funds, and Ignore the Derivative Nature of the Claims on Behalf of the Plans." Reply, 1. Plaintiffs cite Exhibit 13 in support of their argument that common, class-wide evidence of a broken and conflicted fiduciary process exists, particularly that the funds were consistently underperforming. *Id.* at 4. Plaintiffs offer Exhibits 19 and 21 in support of similar arguments related to the subclass. *Id.* at 6, 8-9. Plaintiffs cite Exhibit 19 as an aside related to the subclass typicality and commonality argument, *Id.* at 6, and Exhibit 21 to assert Mr. Antoine has standing. *Id.* at 8-9. The Confidential Material, however, is simply redundant and indirect evidence offered to support Plaintiffs' position. Plaintiffs cite other and more direct evidence to support their contentions.[1] Accordingly, the presumption of access to the redacted information should be given very little weight. *See Graczyk*, 2020 WL 1435031, at *2 (finding the "presumption in favor of public access is low" for financial information in contracts that had no bearing on the issue before the court); *Amodeo*, 71 F.3d at 1050 ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, 16 civ. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (document's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption").

Furthermore, third-party LCG has a strong privacy interest in maintaining the redacted information as confidential. The Confidential Material contains commercially sensitive, highly proprietary and confidential business information of LCG, which, if publicly disclosed and available to competitors, would cause them competitive harm. (*See* Declaration of Amber Stiles ("Stiles Decl.") ¶ 2.) To the best of LCG's knowledge, the Confidential Material has not previously been disclosed to the public and contains precisely the type of information for which LCG has consistently sought protection from disclosure. (*Id.*)

---

[1] LCG takes no position on the merits of the arguments.

The Honorable Jesse M. Furman
September 5, 2023
Page 4

Courts have routinely acknowledged a non-party's interest in keeping commercially sensitive information exchanged between a party and non-party confidential, where disclosure would cause the non-party competitive harm. *See, e.g., Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015) (permitting redaction of information in patent license agreement minimally relevant to parties' claims that contains "commercially sensitive information" that would "competitively disadvantage both parties to the agreement"); *Alexander Interactive, Inc. v. Adorama, Inc.*, 12 Civ. 6608, 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014) (allowing documents containing confidential information concerning the business relationship between defendant and a non-party entity to be filed under seal); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 649-50 (S.D.N.Y.2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y.1993) (noting that "defendants' assertion that its competitors . . . could use [the information] to do competitive injury to the defendants is, on the facts of this case, a sufficient basis" for sealing).

Third-party LCG's interest in maintaining the confidentiality of such information far outweighs the minimal presumption of access afforded to the information. *See Lugosch*, 435 F.3d at 120. Accordingly, LCG respectfully submits that the Confidential Material should be maintained by this Court under seal.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Tamara D. Baggett*
Tamara D. Baggett
Texas Bar No. 24058573
(*pro hac vice* pending)
2850 North Harwood Street, Suite 1100
Dallas, Texas 75201-2640
Telephone (214) 210-1200
Fax (214) 210-1201
tbaggett@bakerlaw.com
**ATTORNEYS FOR THIRD-PARTY LCG ASSOCIATES, INC.**

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 157.

SO ORDERED.

September 6, 2023

cc: All counsel of record (via Electronic Filing)