UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------

Stuart Krohnengold, Wayne Antoine, Lee Webber, Anthony Medici, Joseph Bendrihem, Larry Gilbert, Rafael Musni, Thomas Lantz, Sandra Scanni, and Claudia Gonzalez, as representatives of a class of similarly situated persons, and on behalf of the New York Life Insurance Employee Progress Sharing Investment Plan, and the New York Life Insurance Company Agents Progress Sharing Plan,

      Plaintiff,

  v.

New York Life Insurance Company; the Fiduciary Investment Committee; the Board of Trustees; Katherine O'Brien; Anthony R. Malloy; Yie-Hsin Hung; Arthur A. Seter; Scott L. Lenz; Robert J. Hynes; and John and Jane Does 1-20,

      Defendants.

------------------------------------

Case No. 1:21-cv-01778-JMF

**[PROPOSED]**

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FAIRNESS HEARING**

This matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). Upon reviewing the proposed Settlement Agreement, the Preliminary Approval Motion papers, and the arguments of counsel, the Court hereby preliminarily approves the proposed Settlement and finds and orders as follows:

    1.    The Court preliminarily approves the Settlement Agreement (including the exhibits thereto) in its entirety. Unless otherwise defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

    2.    The Court has conducted an initial evaluation of the Settlement under Federal Rule

1

of Civil Procedure 23, and preliminarily finds that the Settlement is fair, reasonable, and adequate. The Court also preliminarily finds that the Plan of Allocation is fair and reasonable. Subject to further consideration at the Fairness Hearing, the Court will likely be able to grant final approval of Settlement Agreement based on the factors set forth in Rule 23(e)(2) and finally certify the Settlement Class for purposes of judgment. Accordingly, the Court determines that it is appropriate to provide notice of the Settlement to the Settlement Class.

3. For settlement purposes, the Court preliminarily certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the New York Life Insurance Company Employee Progress-Sharing Investment Plan or the New York Life Insurance Company Agents Progress-Sharing Investment Plan (the "Plans") who held assets in the MainStay Epoch U.S. All Cap Fund, MainStay Epoch U.S. Small Cap Fund, MainStay Income Builder Fund, any MainStay Retirement Fund, or the Fixed Dollar Account in the Plans at any time from March 2, 2015 to the Effective Date of Settlement, excluding Defendants, any of their directors, and any members of the Committees during the Class Period.[1]

4. For settlement purposes, the Court preliminarily approves the appointment of Plaintiffs Amy Laurence (as a surviving beneficiary and substitute party for Stuart Krohnengold), Wayne Antoine, Lee Webber, Anthony Medici, Joseph Bendrihem, Larry Gilbert, Rafael Musni, Thomas Lantz, Sandra Scanni, and Claudia Gonzalez as class representatives.

5. For settlement purposes, the Court preliminarily approves the appointment of Cohen Milstein Sellers & Toll PLLC as Class Counsel.

6. For settlement purposes, Analytics Consulting LLC ("Analytics") is hereby appointed to serve as the Settlement Administrator and shall be required to perform all the duties

---

[1] For purposes of this class definition, the term "Committees" includes the Board of Trustees of the New York Life Insurance Employee Progress Sharing Investment Plan, the Board of Trustees of the New York Life Insurance Company Agents Progress Sharing Plan, the Fiduciary Investment Committee of the New York Life Insurance Employee Progress Sharing Investment Plan, and the Fiduciary Investment Committee of the New York Life Insurance Agents Progress Sharing Investment Plan, as well as all subcommittees and other committees to the Committees.

of the Settlement Administrator as set forth in the Settlement Agreement.

7. For settlement purposes, Eagle Bank is hereby appointed to serve as the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement.

8. On ~~[date no earlier than 133 days following preliminary approval]~~ **July 18, 2024** at ~~[time]~~ **3:00 p.m.**, or at such other date and time later set by Court Order,[2] in Courtroom ~~[ ]~~ **1105** of the ~~Daniel Patrick Moynihan~~ **Thurgood Marshall** U.S. Courthouse, ~~500 Pearl Street~~ **40 Centre Street**, New York, New York 10007, the Court will hold a Fairness Hearing to (1) review comments and/or objections regarding the Settlement and/or Class Counsel's request for approval of any Attorneys' Fees and Expenses, Administrative Expenses, and Service Awards, (2) finally consider the fairness, reasonableness, and adequacy of the Settlement Agreement, (3) consider whether the Court should issue a Final Approval Order approving this Settlement Agreement, awarding any Attorneys' Fees and Expenses and Service Awards, approving Administrative Expenses incurred and a reserve for any anticipated future Administrative Expenses, and dismissing this Action with prejudice, and (4) consider such other matters as the Court may deem appropriate. **The Court may, by Order, convert the Fairness Hearing into a telephonic or video appearance.**

9. No later than ~~fourteen (14)~~ **21** days prior to the Fairness Hearing, Plaintiffs shall file papers in support of final approval of the Settlement and in response to any written objections. Defendants may also file a response to any objections at that time. **Any opposition shall be filed no later than 14 days prior to the Hearing.**

10. No later than fourteen (14) days prior to the deadline for Class Members to object to the Settlement, Class Counsel shall file an application for approval of Attorneys' Fees and Expenses, Administrative Expenses, and Service Awards. The application also shall be posted on the Settlement Website. Pending approval, any Administrative Expenses necessary to effectuate

---

[2] Any change in the date, time, location, or format of the hearing shall be posted on the Settlement Website.

3

ACTIVE/127625522.1

the Settlement may be paid from the Qualified Settlement Fund. *Any opposition shall be filed no later than the deadline for Class Members to object to the Settlement.*

11.  The Court hereby approves the form and contents of the proposed Notice (including the Former Participant Rollover Form), *subject to the modifications required below,* and finds that mailing copies of the Notice to Class Members by first class mail, postage prepaid, constitutes the best notice practicable under the circumstances and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law. The Court finds that the proposed Notice (including the Former Participant Rollover Form) constitutes due and sufficient notice of the Settlement and the Fairness Hearing to all persons affected by or entitled to participate in the Settlement, and fairly and adequately:

   a.   Summarizes the claims asserted;

   b.   Describes the terms and effect of the Settlement;

   c.   Notifies the Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Expenses, Service Awards to the Plaintiffs, and Administrative Expenses of Settlement;

   d.   Gives notice to the Class of the time and place of the Fairness Hearing, and of Class Members' right to appear; and

   e.   Describes how the recipients of the Notice may object to the Settlement, or any requested Attorneys' Fees, Expenses, or Service Awards.

12.  The Court also approves the establishment of a Settlement Website and toll-free telephone support line as set forth in the Settlement Agreement. No later than forty-five (45) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website and telephone support line, and shall

disseminate the proposed Notice to the Class together with the Former Participant Rollover Form.

13. Former Participant Class Members (and their Beneficiaries and Alternate Payees) must submit a Former Participant Rollover Form to the Settlement Administrator no later than then (10) calendar days before the Fairness Hearing to be eligible for a rollover.

14. Any Class Member may comment on the Settlement and/or object to the Settlement or the proposed Attorneys' Fees and Expenses, Administrative Expenses, or Service Awards; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely *filed with the Court and, if necessary,* sent to Class Counsel and Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be *filed with the Court and, if not filed via ECF,* mailed or otherwise delivered to Class Counsel and Defendant's Counsel no later twenty-eight (28) calendar days prior to the date of the Fairness Hearing ~~(or filed via ECF if the Class Member has retained separate counsel for purposes of the comment and/or objection)~~. All objections from Class Members must include in the written objection the Class Member's name and address; state that the person submitting the objection is a Class Member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing. The objection must also state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

15. A Class Member who objects to the Settlement need not appear at the Fairness

5

Hearing for the Class Member's comment to be considered by the Court. Class Counsel shall file any objections to any aspect of the Settlement with the Court as part of their motion for Final Approval of the Settlement.

16. Each ~~Class Member and their heirs, executors, administrators, successors, and assigns, as well as each of the Plans,~~ <ins>named Plaintiff</ins> is preliminarily barred and enjoined from the institution or prosecution of any of Plaintiffs' Released Claims against any of the Released Defendant Parties pending final approval of the Settlement~~, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims~~. Defendants are also preliminarily barred and enjoined from the institution or prosecution of any of Defendants' Released Claims against any of the Released Plaintiff Parties pending final approval of the Settlement.

17. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

18. In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved by the Court, or such approval is reversed, vacated, or modified by this or any other Court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement; this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*; the fact of the Settlement Agreement and the terms contained therein shall not be

admissible in any proceeding for any purpose; and the Parties shall reserve all claims, remedies, defenses, arguments, and motions as to all claims and requests for relief that might have been or might be later asserted in the Action.

19.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class (other than through the Settlement Website), and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class (other than through the Settlement Website).

**IT IS SO ORDERED** this  5th  day of   March   , 2024.

_____
Hon. Jesse M. Furman
United States District Judge

No later than ten (10) calendar days after the date of this Order, the Settlement Administrator shall provide appropriate notice of this Settlement Agreement to all appropriate federal officials and any appropriate state official of a state in which a Class Members resides, as specified in 28 U.S.C. § 1715(b).  Upon completing such notice, the Settlement Administrator shall provide written notice to Class Counsel and Defendants' Counsel.

The Class Action Notice shall be modified to reflect any modifications the Court made to the parties' proposed Order.  In particular, the Notice shall be modified to reflect that any objections must be filed directly with the Court --- on ECF if the objector is admitted to the bar or otherwise represented by counsel and otherwise by mail to the Clerk of the Court, with copies to the parties.

The Clerk of Court is directed to terminate Docket No. 174.