UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

Stuart Krohnengold, Wayne Antoine, Lee Webber, Anthony Medici, Joseph Bendrihem, Larry Gilbert, Rafael Musni, Thomas Lantz, Sandra Scanni, and Claudia Gonzalez, as representatives of a class of similarly situated persons, and on behalf of the New York Life Insurance Employee Progress Sharing Investment Plan, and the New York Life Insurance Company Agents Progress Sharing Plan,

      Plaintiffs,

v.

New York Life Insurance Company; the Fiduciary Investment Committee; the Board of Trustees; Katherine O'Brien; Anthony R. Malloy; Yie-Hsin Hung; Arthur A. Seter; Scott L. Lenz; Robert J. Hynes; and John and Jane Does 1-20,

      Defendants.

------------------------------------

Case No. 1:21-cv-01778 - JMF

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This matter came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF 193). The Court held a Fairness Hearing on July 18, 2024, after notice of the Fairness Hearing was given to the Class in accordance with this Court's Preliminary Approval Order (ECF 188). The Court has carefully considered Plaintiffs' motion papers and all relevant filings and comments submitted in connection with the Settlement Agreement and the Fairness Hearing, and hereby grants the Final Approval Motion ("Motion").

In connection with the Motion, the Court finds, orders, and adjudges as follows:

1.      For purposes of this Final Approval Order, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement (ECF 176-1), unless otherwise defined herein.

2.      This Court has jurisdiction over the subject matter of the Action and over the Parties and all members of the Class pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Certification of the following Settlement Class is fully and finally affirmed under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All participants and beneficiaries of the New York Life Insurance Company Employee Progress-Sharing Investment Plan or the New York Life Insurance Company Agents Progress-Sharing Investment Plan (the "Plans") who held assets in the MainStay Epoch U.S. All Cap Fund, MainStay Epoch U.S. Small Cap Fund, MainStay Income Builder Fund, any MainStay Retirement Fund, or the Fixed Dollar Account in the Plans at any time from March 2, 2015 to the Effective Date of Settlement, excluding Defendants, any of their directors, and any members of the Committees during the Class Period.[1]

The Court finds that this Class meets all of the requirements of Rule 23(a) and 23(b)(1) for the reasons previously articulated by Plaintiffs in support of their motion for preliminary approval of the Settlement, *see* ECF 175 at 20-25, which the Court granted on March 5, 2024, *see* ECF 188. The Court further finds that the Class Representatives and Class Counsel are adequate to represent the Class, and have adequately represented the Class in connection with the Action and the Settlement.

4.      Notice of the Settlement was disseminated to members of the Class in accordance with the terms set forth in the Settlement Agreement and the Court's Preliminary Approval Order.

---

[1] For purposes of this class definition, the term "Committees" includes the Board of Trustees of the New York Life Insurance Company Employee Progress-Sharing Investment Plan, the Board of Trustees of the New York Life Insurance Company Agents Progress-Sharing Investment Plan, the Fiduciary Investment Committee of the New York Life Insurance Company Employee Progress-Sharing Investment Plan, and the Fiduciary Investment Committee of the New York Life Insurance Company Agents Progress-Sharing Investment Plan, as well as all subcommittees and other committees to the Committees.

5.  The form and method of notifying Class Members of the terms and conditions of the Settlement Agreement fully satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, due process, and applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons entitled thereto of the terms and conditions of the Settlement Agreement and the right to object and appear at the Fairness Hearing. The Notice program provided individual notice to all members of the Class who could be identified through reasonable effort, and was supplemented by a Settlement Website and telephone support line.

6.  The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have also been satisfied.

7.  ~~There were no~~ *The objection submitted by Leslie Marsh is overruled. There were no other* objections to the Settlement from any of the Parties, any members of the Class, or any other persons.

8.  The Settlement Agreement was entered into in good faith and represents a fair, reasonable, and adequate settlement that is in the best interests of the Class Members and satisfies the conditions for approval under Rule 23(e)(2). The Settlement Agreement is the product of arm's-length settlement negotiations between the Parties and their counsel, which were facilitated by an experienced mediator, following extensive discovery and motion practice. The consideration provided by the Settlement is fair, reasonable, and adequate in light of the claims asserted in the action and the risks, costs, and delay of continued litigation. Further, the Settlement Agreement treats all Class Members equitably, and provides for a fair and efficient method of distribution. Accordingly, the Settlement Agreement is hereby fully and finally approved in all respects, and the Parties and the Settlement Administrator are hereby directed to effectuate its terms.

9. The Settlement was reviewed by an Independent Fiduciary, Newport Trust Company, which also has approved the Settlement and approved the release of claims therein.

10. The Court hereby dismisses with prejudice the Action and all of the Plaintiffs' Released Claims in the Action, whether asserted by Plaintiffs on their own behalf, on behalf of the Class, or derivatively on behalf of the Plans, without costs to any of the Parties except as provided for in the Settlement Agreement and approved by the Court.

11. Upon the Effective Date, Plaintiffs and every Class Member (on behalf of themselves, their heirs, executors, administrators, successors, and assigns) and the Plans shall (i) unconditionally, finally, and forever release, relinquish and discharge the Released Defendant Parties from the Plaintiffs' Released Claims (including Unknown Claims) as provided for in the Settlement Agreement; and (ii) be forever barred and enjoined from asserting any of the Plaintiffs' Released Claims (including Unknown Claims) against any of the Released Defendant Parties pursuant to the terms of the Settlement Agreement; whether or not Class Members received the Notice, whether or not the Class Members received a payment in connection with the Settlement Agreement, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. Upon the Effective Date, Defendants shall be permanently barred and enjoined from asserting any of the Defendants' Released Claims against any of the Released Plaintiff Parties, and shall unconditionally, finally, and forever release, relinquish and discharge the Released Plaintiff Parties from the Defendants' Released Claims.

13. Neither this Order nor the Settlement Agreement or any proceedings taking pursuant to it shall constitute an admission by any of the Defendants or any of the Released Defendant Parties of any liability or wrongdoing.

14. Pursuant to Section 10.3 of the Settlement Agreement, the Settlement Agreement and any negotiations, proceedings, or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

   a. shall not be offered or received against Defendants, or any of the Released Defendant Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or a Released Defendant Party of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or any of the Released Defendant Parties, or the appropriateness of certifying a non-settlement class;

   b. shall not be offered or received against Defendants or any of the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any of the Released Defendant Parties;

   c. shall not be offered or received against Defendants or any of the Released Defendant Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to

5

        for any other reason as against Defendants or any of the Released Defendant Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that Defendants or the Released Defendant Parties may refer to it to effectuate the liability protection granted to them thereunder; and

    d. shall not be construed against Defendants or any of the Released Defendant Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Active Participant, each Inactive Participant, and each Former Participant pursuant to the Plan of Allocation approved by the Court.

16. Each Class Member shall release Defendants, Defendants' Counsel, Plaintiffs, Plaintiffs' expert, Class Counsel, the Released Defendant Parties, and the Plans from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount pursuant to the Settlement (including the identification or classification of persons as having been defaulted into the Fixed Dollar Account for purposes of Section 5.1(a)(v) of the Settlement Agreement), and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

17. The Court retains continuing and exclusive jurisdiction over the Parties and all Class Members to administer, interpret, construe, and enforce the Final Approval Order and Settlement Agreement, without affecting the finality of this Final Approval Order.

**IT IS SO ORDERED.**

Dated: July 18, 2024
       New York, New York

Hon. Jesse M. Furman
United States District Judge

The Clerk of Court is directed to terminate Docket No. 193.